UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JESS C. REYES, | No. 2:09-cv-03382-MCE-KJM |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| INDYMAC FEDERAL BANK, et. al., | |
| Defendants. | |

This action arises out of a mortgage loan transaction in which Plaintiff Jess Reyes ("Plaintiff") obtained a home loan in June 2006. Presently before the Court, Defendant Federal Deposit Insurance Company as Receiver for IndyMac Federal Bank FSB ("Defendant") moves the Court for an Order Requiring Pre-Filing Review Against Plaintiff's counsel, Sharon Lapin.

///
///
///
///

1

Specifically, Defendant seeks an order requiring Ms. Lapin to seek leave of court before filing complaints in state or federal courts against the entities IndyMac Federal Bank, IndyMac Bank, or the Federal Deposit Insurance Company ("FDIC") in its capacity as Receiver for either IndyMac Federal Bank or IndyMac Bank.  For the reasons set forth below, Defendant's Motion is denied.[1]

**BACKGROUND**

On March 1, 2010 the Court dismissed this case for lack of subject matter jurisdiction (Docket No. 21) due to Plaintiff's late-filed First Amended Complaint failing to contain any federal claims to support the previously held federal question jurisdiction.  The case is currently closed.  Defendant's current Motion is occurring post-judgment.

On March 19, 2009 the FDIC completed a sale of IndyMac Bank's assets to OneWest Bank Group, LLC.  Thus, if a former IndyMac customer is facing foreclosure proceedings, Defendant is no longer the proper party to file suit against.  Defendant states that Ms. Lapin was aware of the sale and the impropriety of filing suit against Defendant and yet she continued to file claims while failing to exhaust the administrative remedies available to her clients.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230 (g).

1    Furthermore, on November 12, 2009, Defendant made a formal
2 "Determination that Insufficient Assets Exist to Make
3 Distribution on General Unsecured Claims," meaning that any
4 unsecured claims against Defendant officially have no value.
5 Therefore, Ms. Lapin's clients cannot obtain monetary relief from
6 Defendant.  Defendant asserts Ms. Lapin was aware of this
7 information as well.
8    Defendant states that it communicated with Ms. Lapin several
9 times regarding these various issues and yet she continues to
10 file suit against Defendant.  Resultantly, Defendant requests an
11 order requiring Ms. Lapin to seek pre-filing review.
12
13                           **ANALYSIS**
14
15    It is a well-established rule that the Court posses inherent
16 power to levy sanctions in response to abusive litigation
17 practices.  Roadway Express, Inc. V. Piper, 447 U.S. 752, 765
18 (1980).  District courts have the authority to file restrictive
19 pre-filing orders against vexatious litigants with abusive and
20 lengthy histories of litigation.  De Long v. Hennessey, 912 F.2d
21 1144, 1147 (9th Cir. 1990).  Nonetheless, the Ninth Circuit has
22 cautioned that such pre-filing orders "should rarely be filed."
23 Id. (citing In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988)
24 (such orders should "remain very much the exception to the
25 general rule of free access to the courts")).
26 ///
27 ///
28 ///

1 Defendant is accusing Ms. Lapin of such abusive litigation practices; however, the relief Defendant seeks cannot be presently afforded.  At the time this case was dismissed the FDIC had not yet been substituted as Receiver for IndyMac.  Rather that substitution occurred post-judgment.  Consequently, the legal concerns which Defendant points to— the need to seek administrative remedies, the fact that monetary relief was unavailable- were not active issues before the Court as the FDIC was not an active participant at the time the matter was filed, considered, and eventually dismissed.  While one can sympathize with Defendant's frustrations, it would be improper for this Court to grant the extraordinary remedy requested in a case where the FDIC was at no time a party during the lifespan of the suit.  Accordingly, Defendant's request must be denied.

## CONCLUSION

For the reasons stated above, Defendant's Motion for an Order Requiring Pre-Filing Review (Docket No. 25) is hereby DENIED.

IT IS SO ORDERED.

Dated: June 10, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4